## HENRY BAKER v. THE STATE.

No. 23584. Delivered February 12, 1947,

*Cunningham & Boling,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for a violation of the liquor laws in a dry area, and by the jury fined the sum of $100.00.

Bill of Exceptions No. 2 complains of the introduction in evidence of the search warrant because the same was hearsay and prejudicial to the defendant. This bill received the approval of the judge trying the case, but nowhere in the bill is it said that this search warrant was read to the jury. This bill lacks the allegation that same was read to the jury, and we find in the statement of facts an annotation by the reporter that the search warrant, "State's Exhibit 'S-1' ", was introduced by the County Attorney, but was not read to the jury. The bill not showing that such exhibit was read to the jury, it is overruled.

Bill No. 3 relates to the objections and exceptions to the court's charge, some of which objections may be sustainable, but on account of the disposition made of this cause, we pretermit a discussion thereof.

104

There seems to be some uncertainty as to whether the description of the premises to be searched could be reached by means of the description thereof found in the search warrant. This description reads as follows:

"(a) Residence and all outbuildings located by driving north from the northeast corner of the Court House past the Crosbyton, Texas, city limits and being the last residence on the west side of the road before crossing the AT & SF railroad tracks in Crosby County, Texas, * * * and being the premises of and occupied by party or parties unknown to affiants."

This affidavit was signed by F. S. Bresenhan and Harry W. Hubbard before the Justice of the Peace, and this description is copied in the search warrant.

Mr. Hubbard testified on cross-examination as follows:

"I couldn't go out to this place by going north from the northeast corner of the Court House, and the house just before you go across the railroad tracks and get to it without going another block further east, and so the information I gave in the alleged Search Warrant introduced by the State of Texas this morning, which I testified about and which I said I signed, is not a true location of that property that I said I searched and found this beer."

Mr. W. E. Elliott, who assisted in the execution of the search warrant, testified that he "knew from this search warrant the place that was meant to be searched," and he also knew the names of the parties occupying that residence; that he went north on Berkshire Street, and that street touched the east side of the court house. He also stated that the statement in the search warrant was true; that he was familiar with the north and east portions of the city of Crosbyton. Thus there seems to be a conflict between the two witnesses as to whether the description of the property desired to be searched was correct. If not a correct description, then the testimony relative to the beer found was not admissible. See Art. 727a, C. C. P.

The point that has given us considerable concern is the lack of proof upon the part of the State that the property where the beer was found was under the care, custody, control or possession of Henry Baker. Relative to the facts, we find Marie Baker, who testified that she is the daughter of Henry Baker. She does not know whether or not he is the defendant; that her father owned some chickens and that he fed them; that she did not.

The next witness, H. W. Hubbard, who was one of the signers of the affidavit for the search warrant, admitted that he could not take the description given in the search warrant and follow it and come to the place that was searched and where the beer was found; that such description was not a description of the true location of the property that was searched.

The last witness as to the facts, W. E. Elliott, a deputy sheriff, testified that he could take the description found in the search warrant and follow the same and it would be the true location of the property; that he did so and found 64 cases of beer under some feeders in a chicken house; that he knew from the search warrant the place meant to be searched. In his testimony the name of Henry Baker was not mentioned, nor was the ownership, possession, or occupancy shown by any witness who lived in, at or near the house and chicken house thus under search, the affidavit and search warrant both merely giving the name of the person occupying these premises desired to be searched as being unknown to affiants. The only time Baker's name was mentioned in the testimony of either of these officers was when Mr. Hubbard testified, "I did not know the defendant in this case, Henry Baker, until this morning; I hadn't seen him before this morning." These three witnesses were all who testified to any factual matters relative to this charge.

We do not think that it is shown from the testimony that Henry Baker lived at such house, or that he exercised any ownership, possession, occupancy or control thereof.

In the event of a retrial of this cause, the affidavit and search warrant should not be read to the jury, and the trial court will doubtless give a comprehensive charge on the matters arising in the trial.

For the errors discussed, the judgment is reversed and the cause remanded.